UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANNETTE ELMORE, | Civil No. 14-3017 (DSD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF CHICAGO et. al, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 2. The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff brings an employment discrimination action under Title VII of the Civil Rights Act of 1964, alleging that she was unlawfully terminated from her position as a Chicago Public School teacher. *See generally* Compl., ECF No. 1. Defendants include the City of Chicago and several individuals, all residents of Illinois. The complaint asserts no factual allegations pertaining to the state of Minnesota.

Notably, Plaintiff has brought similar employment actions in multiple district courts. On May 5, 2014, Plaintiff filed a complaint with the United States District Court of the Central District of Illinois, case number 2:2014-cv-02106. Subsequently, on May 8, 2014, the Central District of Illinois transferred the case to the United States District Court for the

Northern District of Illinois, where the case is currently pending, case number 1:2014-cv-03362. Shortly thereafter, Plaintiff continued to file complaints with the Southern District of Iowa and the Southern District of Indiana, case numbers 3:2014-cv-00076 and 1:2014-cv-01151, respectively. The Southern District of Iowa dismissed the case, stating that the action was duplicative of case number 1:2014-cv-03362 pending in the Northern District of Illinois. *See Elmore v. City of Chicago, Board of Education et al.*, 3:2014-cv-00076, ECF No. 4. The Southern District of Indiana transferred the action back to the Northern District of Illinois, where the case is currently pending. *See Elmore v. City of Chicago, Board of Education, et al.*, 1:2014-cv-05557, ECF No. 7. Accordingly, Plaintiff has two pending cases within the Northern District of Illinois, case numbers 1:2014-cv-03362 and 1:2014-cv-05557.

As stated by the Southern District of Iowa and the Southern District of Indiana, the proper venue for this employment discrimination case is the United States District Court for the Northern District of Illinois where the factual circumstances surrounding the complaint occurred. *See* 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3) (governing venue for employment discrimination actions).[1] Indeed, a duplicative action is pending within the Northern District of Illinois; the complaint which was originally filed in the Southern District

---

[1] 42 U.S.C. § 2000e-5(f)(3) governs venue in employment discrimination cases: [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For the purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office in all cases be considered a district in which the action might have been brought.

of Indiana and subsequently transferred to the Northern District of Illinois is substantively identical to the complaint in the instant action. *See Elmore v. Board of Education et. al,* 1:2014-cv-05557.

The Court therefore recommends dismissal based on lack of proper venue and that this action is duplicative of another currently pending federal action. *See Blakley v. Schlumberger Tech. Corp.,* 648 F.3d 921, 932 (8th Cir. 2011) (stating that litigation is duplicative when a plaintiff attempts to bring "the same issues at the same time in more than one federal court."); *Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) ("Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation.").

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), be DENIED;

2. Plaintiff's motion in support of preliminary injunction (ECF No. 3) be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 14, 2014         *s/Franklin L. Noel*
                               Franklin L. Noel
                               United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 29, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.